IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JOHN WESLEY McKINNEY,

    Petitioner,

v.  No. 1:18-cv-01205-JDB-jay

UNITED STATES OF AMERICA,

    Respondent.

ORDER DISMISSING CASE
AND
DIRECTING CLERK TO TERMINATE MOTION

Peggy Stanley McKinney, on behalf of federal prisoner John Wesley McKinney ("McKinney"), has filed a *pro se* motion to vacate, set aside, or correct McKinney's sentence (the "Petition"), pursuant to 28 U.S.C. § 2255. (Docket Entry ("D.E.") 1.) Ms. Stanley McKinney purports to file the Petition on her husband's behalf pursuant to a power of attorney. (D.E. 1 at PageID 16.) The Petition is before the Court for preliminary review.

Under 28 U.S.C. § 1654, "[p]arties may proceed in federal court only *pro se* or through counsel." *Williams v. Fink*, No. 17-CV-11014, 2017 WL 3444751, at *2 (E.D. Mich. May 5, 2017) (italics added) (quoting *Williams v. United States*, 477 F. App'x. 9, 11 (3d Cir. 2012)); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (Section 1654 "does not permit plaintiffs to appear *pro se* where interests other than their own are at stake.") Therefore, although "[a] power of attorney . . . may confer certain decision-making authority under state law, . . .it does not permit" the grantee "to represent [the prisoner] *pro se* in federal court." *Fink*, 2017 WL 3444751, at *2 (dismissing habeas petition signed by prisoner's mother under power of attorney). In addition,

1

Fed. R. Civ. P. 11(a) provides that "[e]very pleading . . . must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." The Petition here is not signed by an attorney-at-law or by McKinney himself, and the power of attorney does not cure this problem.[1]

The Petition is therefore DISMISSED without prejudice.

IT IS SO ORDERED this 4th day of April, 2019.

                                       s/ J. DANIEL BREEN
                                       UNITED STATES DISTRICT JUDGE

---

[1] The Clerk is DIRECTED to terminate the motion for an expedited ruling (D.E. 2).